# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
### LEXINGTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL NO. 5:11-135-KKC** |
| **Plaintiff,** | |
| **V.** | **OPINION AND ORDER** |
| **CLINTON W. STATON,** | |
| **Defendant.** | |

**\*\* \*\* \*\* \*\* \*\***

This matter is before the Court on the defendant Clinton W. Staton's motion requesting that the Court order his release from prison. (DE 49). Staton pleaded guilty, on July 28, 2017, to possession of child pornography (DE 29). He was sentenced to 144 months of imprisonment by judgment dated on November 9, 2017. (DE 41). He now moves the Court to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." For the following reasons, Staton's motion (DE 49) is **denied**.

## I.

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons (BOP) filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 §

603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834. Here, the government concedes that more than 30 days have passed since Staton requested the Warden to file a motion for a compassionate release on his behalf (DE 53 at 3). Therefore, the Court has authority to consider Staton's request for compassionate release.

## II.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The statute does not define what it means to be "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance; however, the Sixth Circuit has recently determined the policy statement applies only to motions filed by the BOP and does not apply when a defendant moves for compassionate release on his own behalf. *United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020). In such cases, district courts are no longer constrained by the reasons enumerated in §1B1.13's application note. *See id.*; *United States v. Elias*,__F.3d__, 2021 WL 50169, at *2 (6th Cir. Jan. 6, 2021); *see also United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Thus, courts need not rely on the application

2

note as binding in its analysis; instead, a court may exercise its "full discretion" to determine whether the defendant has demonstrated extraordinary and compelling reasons for compassionate release, *Jones*, 980 F.3d at 1111, and, if so, whether the section 3553(a) factors weigh in favor of release.

In this case, Staton has not presented evidence that his health conditions[1] present any more serious circumstances than any other defendant incarcerated during the COVID-19 pandemic. Even assuming, however, that extraordinary and compelling circumstances do exist that warrant a sentence reduction, the Court must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1107-1108. These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]

(3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

---

[1] To the extent Staton claims he is "obese with a B.M.I. (Body Mass Index) of 35" (*see* DE 49 at 2), his medical records do not reflect his calculated BMI, and his vital signs all appear consistent and within normal range. Further, Staton's motion fails to indicate how he manages his obesity (*i.e.*, whether he is engaged in any regimen programs), or whether (and to what degree) his obesity impacts his way of life. As to his other claims, the medical diagnoses that were able to be verified include Allergic rhinitis, Anxiety Disorder, and (unspecified) joint pain. For these conditions, Staton does not indicate that they are severe, and records indicate that he is receiving medications as part of his treatment plan.

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

The Court considered these factors extensively at Staton's sentencing hearing and has reconsidered them for purposes of this motion. Staton is convicted of the serious crime of possession of child pornography. A forensic examination of two computers seized from his residence revealed "at least 2,681 still image files and 412 videos containing child sexual abuse materials, of which there were 1,368 still images of known or identified victims and 86 videos containing known or identified victims." (PSR, ¶ 13). The images and videos of the children depicted were under 12 years of age, and displayed the children engaging in a variety of sexually explicit conduct, including bondage and sadomasochistic sexual activities. (*Id*.) The PSR also indicates that, upon this investigation commencing, he "fled to Paris, France, and eventually Beirut, Lebanon, in 2011, where he remained until his arrest [for] the instant offense." (*Id*., ¶ 40). Based upon the record before it, the Court cannot find that he would not pose a danger to the safety of minors or anyone else in the community if he were to be released.

Further, Staton has only just served less than one third of the 12-year sentence the Court imposed. The Court commends Staton on the steps he states he has taken while incarcerated to rehabilitate himself and on the changes that he promises to make upon his release to ensure that he will lead a quality life. However, considering the need for Staton's prison term to deter future criminal conduct, promote respect for the law, and provide just punishment, release is simply not appropriate.

4

## III.

Accordingly, in consideration of the § 3553(a) factors, for the reasons stated in this opinion and at the time of Defendant's sentencing, it is not appropriate to order his release at this time. The Court **HEREBY ORDERS** that Defendant Clinton W. Staton's motion for compassionate release (DE 49) is DENIED.

Dated February 10, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY