# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>CLINTON W. STATON,<br>    Defendant. | CRIMINAL NO. 5:11-135-KKC<br><br>**OPINION AND ORDER** |

**\*\* \*\* \*\* \*\* \*\***

Defendant Clinton W. Staton previously filed a motion for compassionate release (DE 49) pursuant to 18 U.S.C. § 3582(c)(1)(A), which this Court denied in an Order dated February 10, 2021. (DE 57.) Staton now moves the Court to reconsider the denial of his compassionate release motion. (DE 59.) However, because the Court finds that Staton is still not entitled to release, the Court will deny the motion.

Staton pled guilty, on July 28, 2017, to one count of distribution of child sexual abuse materials. (DE 29.) He was sentenced to 144 months of imprisonment by judgment dated on November 9, 2017. (DE 41.) Staton filed a motion for compassionate release on January 26, 2021. (DE 49.)

In the Court's previous Order, the Court evaluated Staton's health conditions and appropriately considered the 18 U.S.C. § 3553(a) factors in order to determine whether sufficient extraordinary and compelling circumstances existed to warrant a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020). (DE 57 at 3–4.) The Court also considered the fact that Staton has not yet served even half of his imposed sentence. (*Id.* at 4.) After considering all of the relevant facts and law, the Court denied Staton's motion for compassionate release.

Upon review of Staton's motion for reconsideration, the Court does not find that his conditions have changed in a way that the Court can deem extraordinary and compelling. In support of his motion, Staton raises two new issues. First, Staton speculates that his two vaccinations against COVID-19 must have been ineffective because he did not have a symptomatic reaction to them. (DE 59 at 3.) Second, Staton expresses concerns about "breakthrough" cases of COVID-19, in which a vaccinated person nevertheless contracts the virus. (*Id.* at 4).

As to the first issue, the Court does not consider Staton's speculative assertions to have merit, as the CDC has stated that some recipients of the COVID-19 vaccine report no side effects.[1] Even if Staton were able to provide evidence that his vaccination was ineffective, such evidence would not necessitate reconsideration of Staton's previous motion, which was denied prior to his vaccination.

As to the second issue about "breakthrough" cases, the Court again does not consider Staton's concerns to warrant reconsideration of his previous motion. According to CDC data evaluated through the end of July 2021, the fatality rate due to COVID-19 among vaccinated individuals has been approximately 0.0008 percent.[2] As Staton is now vaccinated, he is currently more protected from adverse health effects due to COVID-19 than he was at the time of his previous motion.

Even if Staton's health circumstances were extraordinary and compelling, the Court would still have to consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1106. These factors include:

---

[1] *Possible Side Effects*, CTRS. FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/expect/after.html.
[2] Kim Schive, *Breakthrough Infections: What You Need to Know*, MASS. INST. OF TECH. MEDICAL, https://medical.mit.edu/covid-19-updates/2021/08/breakthrough-infections.

>  (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>  (2) the need for the sentence imposed--
>  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>  (B) to afford adequate deterrence to criminal conduct;
>  (C) to protect the public from further crimes of the defendant; and
>  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
>  (3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

The Court considered these factors extensively at Staton's sentencing hearing and in consideration of Staton's previous motion for compassionate release. (DE 57.) The Court has reconsidered them for purposes of this motion. Staton pled guilty to one count of distribution of child sexual abuse materials. (DE 29.) A forensic examination of two computers seized from his residence revealed at least 2,681 still image files and 412 videos containing child sexual abuse materials, which included images and videos of children under 12 years of age forced to engage in sadomasochistic and other sexual activities. (PSR, ¶ 13.) The PSR also indicates that, upon this investigation commencing, Staton "fled to Paris, France, and eventually Beirut, Lebanon, in 2011, where he remained until his arrest [for] the instant offense." (*Id.*, ¶ 40). Based upon the record before it, the Court cannot find that he would not pose a danger to the safety of minors or anyone else in the community if he were to be

released. Further, Staton has served less than half of the 12-year sentence the Court imposed. The Court commends Staton on the steps he states he has taken while incarcerated to rehabilitate himself and on the changes that he promises to make upon his release to ensure that he will lead a quality life. However, the Court must also consider the need for Staton's prison term to deter future criminal conduct, promote respect for the law, and provide just punishment.

In consideration of the § 3553(a) factors and because neither of the Defendant's new concerns warrant a departure from the Court's previous ruling, it is not appropriate to order the Defendant's release at this time.

Accordingly, the Court HEREBY ORDERS that Defendant Clinton W. Staton's motion for reconsideration (DE 59) is DENIED.

Dated September 22, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY